**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| FELICIA MYERS ) | |
| PO Box 8517 ) | |
| Parkville, MD 21234 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| THE GENEVA FOUNDATION COMPANY ) | |
| A/K/A THE GENEVA FOUNDATION ) | |
| 917 Pacific Ave. #600 ) | |
| Tacoma, WA 98402, ) | |
| ) | |
| MELISSA HAJJAR,          and ) | |
| ) | |
| TERESA HANSEN ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Felicia Myers ("Plaintiff" or "Ms. Myers"), through her attorneys at the Clark

Law Group, PLLC, hereby alleges

## NATURE OF ACTION

1. This is a challenge to Defendant The Geneva Foundation Company a/k/a The Geneva

   Foundation's ("Geneva") unlawful discrimination, unlawful medical inquiry, failure to

   accommodate, and retaliation against Plaintiff in violation of the Americans with

   Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.* and Rehabilitation Act

   of 1973 ("Rehab Act").

2. This is also a challenge to Geneva, Melissa Hajjar, and Teresa Hansen's (collectively, Defendants) interference with rights and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C § 2601 *et seq*.

3. This is also a challenge to Geneva's discrimination of Plaintiff because of her race, color, and protected activities in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 4000e *et seq*.

## JURISDICTION AND VENUE

4. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. The United States District Court for the District of Maryland has original jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

6. The Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 2617(a)(2), as this matter involves a civil action by an aggrieved person under the FMLA.

7. Pursuant to Md. Code, Cts. & Jud. Proc. § 6-102, the Court has personal jurisdiction over Defendants because they conduct business in the state of Maryland.

8. Venue is appropriate pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in the Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADA as follows:

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

a. On March 30, 2020, Plaintiff filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Montgomery County Office of Human Rights.

b. On March 30, 2020, Plaintiff has requested a Notice of Right to Sue pursuant to 29 C.F.R. § 1601.28.

11. Plaintiff's Rehab Act claims do not require an exhaustion of remedies.

12. Plaintiff's FMLA claims do not require an exhaustion of remedies.

## **PARTIES**

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff is a resident of Nottingham, Maryland.

15. Plaintiff is a former employee of Geneva.

16. Plaintiff was hired on October 28, 2018.

17. Plaintiff's former title was Grants and Contracts Manager.

18. Plaintiff's employment was primarily based out of Geneva's Bethesda, MD location.

19. Geneva is a Washington corporation that conducts business in the state of Maryland.

20. Geneva receives federal funds.

21. Plaintiff's work for Geneva was funded through grants received from the federal government.

22. On information and belief, Geneva employs more than 50 individuals within a 75-mile radius of its Bethesda, Maryland location.

23. Geneva employs more than 500 individuals.

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

## Ms. Hajjar and Ms. Hansen are Employers under the FMLA

24. Melissa Hajjar is Geneva's Human Resources Manager for the National Capital Region.

25. On information, Ms. Hajjar is a resident of Maryland.

26. Ms. Hajjar had the power to recommend the hiring and firing of employees to Geneva.

27. Ms. Hajjar's duties including reviewing and approving of requests under the FMLA.

28. Ms. Hajjar controlled in whole or in part Geneva employees' rights under the FMLA.

29. Ms. Hajjar acted in the interests of Geneva.

30. Ms. Hajjar is an employer as defined under the FMLA. 29 U.S.C. § 2611(4)(A)(ii)(I).

31. Teresa Hansen is Geneva's Senior Human Resources Manager.

32. On information, Ms. Hansen is a resident was Washington state.

33. Ms. Hansen had the power to recommend the hiring and firing of employees to Geneva.

34. Ms. Hansen's duties including reviewing and approving of requests under the FMLA.

35. Ms. Hansen's controlled in whole or in part Geneva employees' rights under the FMLA.

36. Ms. Hansen acted in the interests of Geneva.

37. Ms. Hansen is an employer as defined under the FMLA. 29 U.S.C. § 2611(4)(A)(ii)(I).

## FACTS

38. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

## Plaintiff's Discrimination Complaint

39. Plaintiff is Black/African-American

40. Throughout Plaintiff's employment, her White/Caucasian coworkers were provided more resources and training than Plaintiff.

41. In mid-late June 2019, Plaintiff complained that she was being discriminated against by one of Geneva's clients to Ms. Hansen.

4

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

42. On June 26, 2019, Plaintiff escalated her complaint to Geneva's president Elise Huszar.

43. After Plaintiff made these complaints, several clients within her portfolio were reassigned to a White/Caucasian coworker.

**Ms. Myer's Disability and Serious Health Condition**

44. On November 21, 2019, Ms. Myers was in a car accident and suffered a concussion.

45. Before November 21, 2019, Ms. Myers had worked for Geneva for over a year and worked more than 1,250 hours.

46. As result of the injuries from the car accident, Ms. Myers took leave from November 21, 2019 to November 26, 2019.

47. Ms. Myers informed Ms. Hajjar about the car accident, her injuries and needed leave.

48. On November 25, 2019, Ms. Myers received a medical clearance from her provider to return to work without restrictions.

49. However, as days past, Ms. Myers developed symptoms of what would later be diagnosed as post-concussion syndrome and two herniated discs in her vertebrae.

50. Ms. Myers' post-concussion syndrome is a physical impairment that limits Ms. Myer's ability to think, read, and concentrate when flared.

51. Ms. Myers' herniated discs are physical impairments that limits Ms. Myer's ability to sit, walk, and stand.

52. Ms. Myers' post-concussion syndrome is a disability under the ADA.

53. Ms. Myers' herniated discs are a disability under the ADA.

54. Ms. Myers' post-concussion syndrome and herniated discs require treatment from her medical provider at least twice a year.

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

55. Ms. Myers' post-concussion syndrome and herniated discs are serious health conditions under the FMLA.

**Ms. Myers' Needed Accommodation and FMLA Request**

56. In early December, Ms. Myers began experiencing symptoms of her disabilities.

57. She took breaks during work on December 2 and 3, 2019 for approximately three hours each because of her condition.

58. Consistent with Geneva's policies, Plaintiff did not report these breaks since they were less than four hours long and Plaintiff made up the missed time.

59. On or around December 13, 2019, Ms. Myers informed Ms. Hajjar that her condition was worsening and that she would likely need intermittent leave because of her disabilities in the future.

60. On December 13, 2019, Ms. Hajjar issued Ms. Myers a notice of FMLA eligibility and U.S. Department of Labor form WHD-380-E for her healthcare provider to complete.

61. Due to the holidays and her work schedule, Ms. Myers did not submit the completed form WHD-380-E to Ms. Hajjar and Ms. Hansen until January 27, 2020, along with a separate note from her healthcare provider.

62. Geneva had not followed up with Plaintiff about the status of the form WHD-380-E prior to her submission.

63. Plaintiff's healthcare provider described Plaintiff's disability, how Plaintiff needed intermittent time off for treatments every one to two weeks and that Plaintiff's condition was causing episodic periods of neck pain, headaches, and inference with focus and attention.

64. Plaintiff's healthcare provider stated that Plaintiff may also need reduced work hours.

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

### Geneva's Unlawful Medical Inquiry

65. In response to the paperwork completed by Plaintiff's healthcare provider, on January 28, 2020, Ms. Hansen instructed Plaintiff to complete an authorization allowing Geneva full access to Plaintiff's entire general medical history, all medications, her billing and payment history, mental health information, information about sexual transmitted diseases, and information about any drug or alcohol abuse.

66. Geneva's requested authorization was not limited to the conditions related to disabilities described in her healthcare provider's FMLA paperwork.

67. Geneva's request for Plaintiff's entire medical history was not related to her request for leave, not job-related, and not consistent with business necessity.

68. After Plaintiff objected to the overbroad medical inquiry, Geneva relented and provided Plaintiff with an authorization limited to her FMLA paperwork and related conditions.

### Geneva's Second Questionnaire

69. On February 4 2020, Geneva provided Plaintiff with a questionnaire for her healthcare provider to complete.

70. The stated reason given for the questionnaire was "clarify" Plaintiff's healthcare provider's completed FMLA form.

71. Defendants' questionnaire did not ask "clarification" questions within the meaning of 29 C.F.R. § 825.307(a).

72. Defendants' questionnaire requested additional information beyond that required by the Department of Labor's certification form in violation of 29 C.F.R. § 825.307(a).

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

73. Geneva's questionnaire falsely stated to Plaintiff's healthcare provider that Ms. Myers had told Ms. Hansen that Plaintiff had "not taken any time off work since November 25, 2019 because she 'did not need it.'"

74. Geneva's questionnaire was framed in such a way that questioned Plaintiff's healthcare provider's diagnoses and Plaintiff's need for intermittent leave as an accommodation for her disability.

75. Plaintiff's healthcare provider completed the questionnaire and returned it to Geneva on February 4, 2020.

76. Plaintiff's healthcare provider described how Plaintiff's condition caused intermittent lack of focus and attention for 30-60 minutes, with an expected duration of three to six months.

77. Plaintiff did not receive further communication about her intermittent FMLA leave request from Geneva after her healthcare provider completed Geneva's questionnaire.

78. Accordingly, Defendant denied Plaintiff's request for intermittent leave.

## **Termination**

79. Instead, less than three weeks after Plaintiff's healthcare provider completed Geneva's requested questionnaire about Ms. Myers' conditions and needed intermittent leave for her disability/serious health condition, Geneva terminated Ms. Myers on February 20, 2020.

80. Plaintiff was terminated in a meeting with Melissa Beale.  Ms. Hajjar and Ms. Hansen also attended by video conference.

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

81. Ms. Hajjar stated that Plaintiff was terminated because of supposed unsatisfactory performance, notwithstanding Geneva having raised Plaintiff's salary on January 1, 2020, by her supervisor less than two months previously.

82. During this termination meeting, Ms. Myers asked if the termination was related to her request for intermittent leave.

83. Ms. Hajjar responded by claiming that, since Plaintiff's healthcare provider allegedly stated that Plaintiff condition did not interfere with her ability to do her job, which she did not, the requested leave was not granted.

84. Ms. Hajjar stated that Plaintiff's performance was supposedly unsatisfactory due to complaints received by Geneva's client Dr. Maureen Hood about her performance.

85. However, Dr. Hood had no contracts that Plaintiff managed and Plaintiff had little communication with her for a fourteen-month period.

86. Plaintiff had only recently communicated with Dr. Hood after being assigned to assist Dr. Hood with a grant application on December 31, 2019.

87. Dr. Hood was unable to provide Plaintiff with all the documents necessary for Plaintiff to assist Dr. Hood.

88. Plaintiff's difficulties in assisting Dr. Hood were unrelated to Plaintiff's work performance.

## COUNT I: FAILURE TO ACCOMMODATE

89. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

90. On December 13, 2019, Plaintiff requested intermittent leave because of her disabilities, which was an accommodation request.

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

91. On January 27, 2020, Plaintiff submitted paper work from her healthcare provider affirming Plaintiff's request for intermittent leave because of her disabilities, which was an accommodation request.

92. On February 4, 2020, Plaintiff's healthcare provider submitted a questionnaire describing Plaintiff's need for intermittent leave as an accommodation for her disabilities, which was an accommodation request

93. Rather than engage in the interactive process, Geneva terminated Ms. Myers.

94. Accordingly, Geneva failed to provide Ms. Myers a reasonable accommodation in violation of the ADA and Rehab Act.

## COUNT II: DISCRIMINATION BECAUSE OF DISABILITY

95. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

96. On December 13, 2019, Plaintiff requested intermittent leave because of her disabilities.

97. On January 27, 2020, Plaintiff submitted paper work from her healthcare provider affirming Plaintiff's request for intermittent leave because of her disabilities.

98. On February 4, 2020, Plaintiff's healthcare provider submitted a questionnaire describing Plaintiff's need for intermittent leave as an accommodation for her disabilities.

99. On February 20, 2020, Geneva terminated Plaintiff.

100.  Geneva's reason for terminating Plaintiff is pretext.

101.  Geneva terminated Plaintiff because of her disabilities in violation of the ADA and Rehab Act.

## COUNT IV: RETALIATION FOR REQUESTING ACCOMMODATION

102.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

103.  On December 13, 2019, Plaintiff requested intermittent leave because of her disabilities, which was an accommodation request.

104.  On January 27, 2020, Plaintiff submitted paper work from her healthcare provider affirming Plaintiff's request for intermittent leave because of her disabilities, which was an accommodation request.

105.  On February 4, 2020, Plaintiff's healthcare provider submitted a questionnaire describing Plaintiff's need for intermittent leave as an accommodation for her disabilities, which was an accommodation request.

106.  Plaintiff's accommodation requests are protected activities under the ADA and Rehab Act.

107.  On February 20, 2020, Geneva terminated Plaintiff.

108.  Geneva's reason for terminating Plaintiff is pretext.

109.  Geneva terminated Plaintiff because of her accommodation requests in violation of the ADA and Rehab Act.

## COUNT IV: RETALIATION FOR FMLA REQUESTS

110.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

111.  On December 13, 2019, Plaintiff requested intermittent leave FMLA to Ms. Hajjar.

112.  On January 27, 2020, Plaintiff submitted paperwork to Ms. Hajjar and Ms. Hansen from her healthcare provider affirming Plaintiff's request for intermittent FMLA leave.

113.  On February 4, 2020, Plaintiff's healthcare provider submitted a questionnaire describing Plaintiff's need for intermittent FMLA leave.

114.  Plaintiff's requests for FMLA leave are protected activities under the FMLA.

115.  On February 20, 2020, Geneva terminated Plaintiff.

11

116.  On information and belief, Ms. Hajjar and/or Ms. Hansen recommended Plaintiff's termination.

117.  Geneva's reason for terminating Plaintiff is pretext.

118.  Geneva terminated Plaintiff because of her FMLA requests.

119.  Defendants' conduct was willful.

## COUNT V: FMLA INTERFERENCE

120.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

121.  On December 13, 2019, Plaintiff requested intermittent leave FMLA to Ms. Hajjar.

122.  On January 27, 2020, Plaintiff submitted paperwork to Ms. Hajjar and Ms. Hansen from her healthcare provider affirming Plaintiff's request for intermittent FMLA leave.

123.  On February 4, 2020, Defendants instructed Plaintiff's healthcare provider to complete questionnaire to "clarify" his completed FMLA form.

124.  Defendants' questionnaire was not asking "clarification" questions within the meaning of 29 C.F.R. § 825.307(a).

125.  Defendants' questionnaire requested additional information beyond that required by the Department of Labor's certification form in violation of 29 C.F.R. § 825.307(a).

126.  On February 4, 2020, Plaintiff's healthcare provider submitted a questionnaire describing Plaintiff's need for intermittent FMLA leave.

127.  Defendants' questionnaire prejudiced Plaintiff because, on information and belief, Defendants terminated Plaintiff because of the responses provided to the questionnaire.

128.  Defendants did not grant Plaintiff's request for intermittent FMLA leave.

129.  Instead, Geneva terminated Plaintiff.

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

130. On information and belief, Ms. Hajjar and/or Ms. Hansen recommended Plaintiff's termination instead of granting the requested FMLA leave.

131. Geneva's termination interfered with Plaintiff's rights under the FMLA.

132. Geneva's termination prejudiced Plaintiff because she has been without a salary since being terminated.

133. Defendants' conduct was willful.

## COUNT VI: RACE/COLOR DISCRIMINATION

134. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

135. Plaintiff is Black/African-American.

136. Geneva is aware of Plaintiff's race and color.

137. Geneva provided Plaintiff's White/Caucasian coworkers with more resources and training than Plaintiff, rescinded Plaintiff's portfolio, and terminated Plaintiff because of her race and/or color.

## COUNT VII: TITLE VII RETALIATION

138. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

139. Plaintiff is Black/African-American.

140. In June 2019, Plaintiff complained about race/color discrimination by Geneva's client.

141. Shortly after these complaints, Geneva reduced Plaintiff's portfolio.

142. Geneva reduced Plaintiff's portfolio and terminated Plaintiff because of her discrimination complaints.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

13

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

A.   Entry of judgment in favor of Plaintiff against Defendants;

B.   Back pay;

C.   Compensatory damages pursuant to the ADA, Rehab Act, and Title VII;

D.   Liquidated damages pursuant to the FMLA;

E.   Punitive damages;

F.   Pre-judgment interest as may be allowed by law;

G.   Attorney's fees and costs; and

H.   Other such relief as may be appropriate.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.


Dated: March 31, 2020


Respectfully submitted,

/s/ Jeremy Greenberg
Jeremy Greenberg (13671)
Denise M. Clark, Esq. (17385)
Clark Law Group, PLLC
1100 Connecticut Ave., N.W.
Suite 920
Washington, D.C. 20036
(202) 293-0015
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459

## **<u>VERIFICATION</u>**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

_____
Felicia Myers

Doc ID: bdd4b208d1ed3c99a62c216dd76c62cd58d5d459